IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | 1:94CR251-2 |
| PATRINA ANN PARKER | ) | |

## MEMORANDUM OPINION

This matter is before the Court on a Motion by Defendant Patrina Ann Parker pursuant to 18 U.S.C. § 3582(c) asking the Court to reduce her sentence based on an Amendment to the United States Sentencing Guidelines which lowered the applicable sentencing range in her case. Specifically, Defendant contends that she is entitled to a reduction pursuant to Amendments 706 and 711, which lowered the base offense levels in Guideline § 2D1.1 with respect to cocaine base ("crack") offenses.

Under 18 U.S.C. § 3582(c), the Court may reduce a term of imprisonment after it has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion." 18 U.S.C. § 3582(c)(2). If this provision applies, the Court may reduce the defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, defendants seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c) must establish first that they are eligible for a reduction because they were sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Second, if a defendant is

potentially eligible for a sentence reduction, 18 U.S.C. § 3582(c)(2) further directs that any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission" and must involve consideration of "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2).

In the present case, the Defendant and the Government agree that Defendant's base offense level was calculated pursuant to Guideline § 2D1.1 for cocaine base ("crack"), and that Amendments 706 and 711 lowered the applicable sentencing range in Defendant's case. Thus, Defendant has established as an initial matter that she is potentially eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). However, as noted above, any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). The Sentencing Commission, in Guideline § 1B1.10, has included Amendments 706 and 711 as amendments that may be retroactively applied pursuant to 18 U.S.C. § 3582(c)(2). However, the Sentencing Commission has also noted that in determining whether a sentence reduction is warranted pursuant to 18 U.S.C. § 3582(c)(2), the Court may consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" (i.e., the "public safety considerations") as well as the "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment" (i.e., the "post-sentencing conduct"). See U.S.S.G. § 1B1.10, comment. n.1(B).

In the present case, the Government objects to any reduction in Defendant's sentence, based on public safety considerations. Specifically, the Government contends that prior to her

conviction for the instant offense, Defendant was convicted (1) on June 1, 1988, for seven counts of breaking and entering and three counts of larceny in connection with a series of residential burglaries in which the items she stole included firearms; (2) on August 22, 1991, for misdemeanor assault on a law officer for "push[ing] an officer while the officer was trying to arrest her for Assault and Carrying a Deadly Weapon"; and (3) on December 17, 1991, for felony assault on an officer and resisting/obstructing a public officer in connection with an incident in which she "tried to run over a police officer while he was standing in the door of her vehicle" and "fought and resisted the officer when he told her that she was under arrest." In addition, the Government contends that during her incarceration for the instant offense from 1995 to the present, she committed the following acts that raise public safety concerns: (1) on July 30, 1997, fighting; (2) on August 19, 2007, fighting; and (3) on February 2, 2008, assaulting without serious injury in connection with an incident in which she "assaulted another inmate by kicking her in the head . . . [and] also attempted to hit a detention officer during the altercation." The Government particularly notes that the last two of these infractions occurred recently, and that Defendant has incurred five other infractions in recent years and was recently dropped from the GED program for failing to make satisfactory progress. The Government contends that given these prior offenses and infractions, and particularly her recent conduct in prison indicating a lack of discipline and a resumption of involvement in assaultive conduct, Defendant will pose a danger to public safety in the future.

The Court has considered the information presented and finds that the pre-offense conduct raised by the Government would not preclude a reduction pursuant to the Amended

3

Guidelines. In particular, the Court notes that all of this pre-offense conduct was before the Court at Defendant's original sentencing and was taken into account by the original sentencing Court, which nevertheless determined that Defendant should not be sentenced as a career offender and should instead be sentenced at the bottom of the otherwise-applicable Guideline range. However, with respect to Defendant's post-sentencing conduct, the Court has concerns regarding the infractions recently incurred by Defendant in the Bureau of Prisons. Having considered all of these matters, the Court concludes that Defendant's pre-offense conduct does not raise such public safety concerns so as to preclude this Court's consideration of Defendant's request for application of the Amended Guidelines, but the Court will not grant the full extent of the reduction in light of Defendant's post-sentencing conduct. Therefore, in these circumstances and having reviewed all of the available information, the Court in its discretion has concluded that Defendant's Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) under the Amended Guidelines will be granted, but Defendant's sentence will only be reduced to the middle of the now-applicable Guideline range. In determining the extent of the reduction, the Court has taken all of this available information into account, and has calculated an appropriate sentence as set out in the Order filed contemporaneously herewith.

This, the 28 day of December, 2009.

/s/ James A. Beaty
United States District Judge